JUDGE STEIN

08 CV 7145

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
CLEAR HORIZON INC.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CLEAR HORIZON INC.,

              Plaintiff,   :   08 Civ.       (   )

      - against -                                    VERIFIED COMPLAINT

S1 MARITIME CO., LTD.,

              Defendant.
------------------------------------------------------------

RECEIVED
AUG 1 1 2008
U.S.D.C. S.D.N.Y.
CASHIERS

     Plaintiff, Clear Horizon Inc. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant S1 Maritime Co., Ltd. ("Defendant"), alleges as follows:

     1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

     2.    At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of the Marshall Islands with an

office and place of business at Trust Company Complex, Ajeltake Road, Ajeltake Islands, Marshall Islands, MH 96960.

3.  At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of Korea with an office and place of business at 9th Floor, Dowon Building, 299-20, Dohwa-dong, Mapo-gu, Seoul, 121-040, Korea.

4.  Pursuant to a contract of time charter party dated May 12, 2008, Plaintiff, as Owner, chartered the vessel M/V DD PROGRESS to Defendant, as Charterer (the "Charter Party"). The Charter Party provides for resolution of disputes between the parties by arbitration in London with English law to apply.

5.  On May 13, 2008, Plaintiff delivered the Vessel to Defendant as charterer pursuant to the terms and conditions of the May 12, 2008 Charter Party.

6.  Pursuant to the terms and conditions of that Charter Party, Defendant agreed to pay hire in the amount of $25,750.00 per diem for the duration of the Charter Party.

7.  Charterer also agreed to pay for bunkers on board the vessel on her delivery and then to supply bunker themselves during the charter and to replenish about the same quantity of bunker on the vessel's re-delivery as set forth in the Charter Party.

8.  Plaintiff issued hire and bunkers invoices dated May 13, 2008 to Defendant in the respective amounts of $754,687.50 and $175,550.00 which have been paid.

9.  The vessel remained employed by Defendant until July 15, 2008 when it was redelivered to Plaintiff.

10. During the course of the charter, Plaintiff sent to Defendant numerous hire statements in the amounts and at the times specified by the Charter Party. Plaintiff failed to pay any such invoice, except as stated in Paragraph "8" above. Upon redelivery of the vessel to Plaintiff on July 15, 2008, Plaintiff duly issued a statement to Defendant setting forth the amounts due under the Charter Party for both hire and bunkers. The current statement dated July 21, 2008 sets forth the unpaid hire and bunkers due and owing by Defendant of $914,498.00. Defendant has not made payment pursuant to the Charter Party despite Plaintiff's demands.

11. Defendant has therefore breached its contract of Charter Party with Plaintiff and currently owes to Plaintiff the principal amount of $914.498.00.

12. Costs, including solicitor's fees and expenses are routinely awarded to the successful party in London and Plaintiff claims the total of $125,000 representing a reasonable estimate of the likely solicitor's fees and costs to present and determine Plaintiff's claim in London.

13. Interest is also routinely awarded to the prevailing party in London on the foregoing amounts and Plaintiff claims simple interest conservatively calculated at 6% for a period of 3 years, or the sum of $187,109.64, the said period of time being a reasonable estimate for resolution of the claim in London.

14. By reason of the foregoing premises, Defendant owes Plaintiff the sum of $1,226.607.64 as best as can presently be calculated.

15. Defendant cannot be found within the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this District consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

    A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

    B.    That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing to or otherwise the property of the Defendant up to the amount of $1,226,607.64 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

  C. That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

  D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that the action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

  E. That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
    August 11, 2008

          NOURSE & BOWLES, LLP
          Attorneys for Plaintiff
          CLEAR HORIZON INC.

          By: _____
          John P. Vayda (JV-0339)
          One Exchange Plaza, At 55 Broadway
          New York, NY 10006-3030
          (212) 952-6200
          jvayda@nb-ny.com

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

JOHN P. VAYDA, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____
JOHN P. VAYDA

Sworn to before me this
11th day of August, 2008

_____
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. In Queens Cty; New York City
Commission Expires November 17, 2009

6